Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BOREN,<br><br>            Plaintiff,<br><br>v.<br><br>WEST ASSET MANAGEMENT, INC.,<br><br>            Defendant. | **COMPLAINT**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II.  JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

## III.  PARTIES

3. Plaintiff, Dustin Boren ("Plaintiff"), is a natural person residing in Carbon

1

County, Utah.

4. Defendant, West Asset Management, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Communicating or threatening to communicate credit information which is known or which should be known to be false, including failing to report a debt is disputed after Defendant knew or should have known that Plaintiff disputed the debt in a telephone conversation well before the last known reported date of 1/1/13 (§ 1692e(8)).

10. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to call Plaintiff at his workplace and continue calling him repeatedly at his home unless he acquiesced to providing information for automated withdrawals from his checking account of at least $25 per month (§ 1692e(5)).

11. Using false, deceptive, and unfair practices in connection with collection of an alleged debt from Plaintiff, including failing to acknowledge an existing payment plan on which

Plaintiff was current.  The account had been serviced by Que Financial, another debt collection agency, prior to West Asset's involvement.  Plaintiff had arranged through Que Financial to pay $10 per month indefinitely on the account, which the creditor approved.  Plaintiff requested that West Asset honor the existing arrangement, but West refused and stated that the arrangement was void (§ 1692e(10) & 1692f).

12. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15. To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages pursuant to 15 U.S.C. § 1692k;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

    E.    For such other and further relief as may be just and proper.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 18th day of September, 2013.

**TRIGSTED LAW GROUP, P.C.**

_____s/Joshua Trigsted_____
Joshua Trigsted
*Attorney for the Plaintiff*